[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12488

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WENCESLAO CETRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:01-cr-00423-RAL-MAP-6

_____

2                    Opinion of the Court                    21-12488

Before LUCK, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Wenceslao Cetre, a federal prisoner proceeding *pro se*,[1] appeals the district court's denial of his counseled motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and also the district court's denial of Cetre's *pro se* motion for reconsideration.  No reversible error has been shown; we affirm.

In 2002, a jury found Cetre guilty of conspiracy to distribute cocaine and of possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 841(b)(A)(A)(ii), 46 U.S.C. §§ 1903(a), (j), (g).  Cetre is serving a sentence of life imprisonment.

In April 2020, Cetre filed a counseled motion for compassionate release under section 3582(c)(1)(A), as amended by the First Step Act.[2]  Cetre sought relief based on his age (67), his deteriorating health, and the COVID-19 pandemic.  Cetre said he suffered from several chronic health conditions, including high blood pressure and severe back pain caused by degenerative disc disease and by spinal defects.

---

[1] We read liberally briefs filed by *pro se* litigants.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

In June 2020, the district court conducted a hearing on Cetre's motion during which the district court denied Cetre compassionate release. Cetre appealed the district court's decision.

In Cetre's first appeal in this Court, we vacated the district court's order and remanded for further proceedings. We concluded that the district court abused its discretion in two ways: (1) by indicating that it lacked authority to grant Cetre's motion even if Cetre satisfied the requirements for compassionate release, and (2) by failing to provide adequate reasons for its decision to allow for meaningful appellate review. *See United States v. Cetre*, 853 F. App'x 610, 612 (11th Cir. 2021) (unpublished).

On remand, the district court conducted a second hearing on Cetre's motion. At the hearing, Cetre (through his lawyers) argued that his chronic medical conditions, his age-related health deterioration, and the COVID-19 pandemic constituted extraordinary and compelling reasons warranting a reduced sentence. Cetre reported that he had received back surgery but continued to suffer from low back pain. Cetre also told the district court that he had recently been diagnosed with glaucoma which he said could cause blindness if left untreated. Cetre also said he suffered from high blood pressure: a condition he argued put him at increased risk of death if he were to contract COVID-19.

The district court again denied Cetre's motion for compassionate release. The district court first noted that the sentencing factors in section 3553(a) weighed in favor of granting Cetre relief. Nevertheless, in the light of our decision in *United States v. Bryant*,

996 F.3d 1243 (11th Cir. 2021), the district court said it was constrained by the categories of "extraordinary and compelling reasons" listed in U.S.S.G. § 1B1.13.

The district court then addressed the categories identified in the commentary to section 1B1.13 and made these determinations: (1) Cetre was suffering from no terminal illness; (2) Cetre's chronic conditions did not "appear to substantially diminish his ability to provide self-care," and (3) Cetre had not shown that he was "experiencing a serious deterioration in his physical or mental health because of the aging process." The district court also said that Cetre's medical conditions were being treated appropriately and that Cetre was "living as normal a life as he can given the fact that he's incarcerated."

Cetre moved *pro se* for reconsideration of the district court's denial. Cetre argued that compassionate release was not limited to terminally ill defendants. Cetre also alleged (for the first time) that his chronic back pain and deteriorating eyesight prevented him from participating in "recreation and other correctional programs." Cetre said he spent most of his time in his cell or in his housing unit because leaving his housing unit required him to walk up and down four flights of stairs: an activity that caused him severe pain. The district court denied reconsideration. This appeal followed.

We review *de novo* a determination about a defendant's eligibility for a sentence reduction under section 3582(c). *See Bryant*, 996 F.3d at 1251. After eligibility is established, we review for abuse of discretion the district court's decision about whether to grant or

to deny an eligible defendant compassionate release under section 3582(c)(1)(A). *See id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under section 3582(c). *See* 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). As amended by the First Step Act, section 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment under these circumstances:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13; *Bryant*, 996 F.3d at 1247. The commentary to section 1B1.13 identifies four categories -- including a prisoner's medical condition and a prisoner's age -- that might constitute "extraordinary and compelling reasons"

6                    Opinion of the Court                    21-12488

warranting a reduced sentence.  *See* U.S.S.C. § 1B1.13 comment. (n.1).

Application Note 1(A) of section 1B1.13 provides that a prisoner's medical condition may warrant a sentence reduction if the prisoner (1) has a terminal illness, or (2) suffers from "a serious physical or medical condition" or from age-related deterioration in physical or mental health "that substantially diminishes the ability of the defendant to provide self-care within" prison.  *Id.* § 1B1.13 comment. (n.1(A)).  Under Application Note 1(B), a prisoner's age may constitute an extraordinary and compelling reason warranting relief if the prisoner "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  *Id.* § 1B1.13 comment. (n.1(B)).[3]

As an initial matter, to the extent Cetre argues that the district court believed erroneously that compassionate release was available only for terminally ill defendants, Cetre misconstrues the district court's decision.  In ruling on Cetre's motion for compassionate release, the district court used this language:

_____

[3] That the circumstances identified in section 1B1.13 Application Notes 1(C) (addressing a defendant's family circumstances) and 1(D) (addressing other reasons identified by the Bureau of Prisons) are inapplicable to Cetre is undisputed.

Under [section 1B1.13], he's not suffering from a terminal illness.  He may have these chronic conditions.  They don't appear to substantially diminish his ability to provide self-care.  True, he's 67-years-old and he's got some of these chronic conditions, but I can't -- what I see from the medical records, I don't see him experiencing a serious deterioration in his physical or mental health because of the aging process.

The district court's explanation tracks each of the pertinent categories of "extraordinary and compelling reasons" identified in Application Notes 1(A) and (B): not just terminal illness.  The district court committed no legal error in applying section 1B1.13 in this case.

Nor did the district court err in determining that Cetre's medical conditions and age-related health issues did not rise to the level of extraordinary and compelling reasons within the meaning of section 1B1.13.[4]  Never has Cetre argued that his medical conditions substantially diminished his ability to provide self-care

---

[4] On appeal, Cetre abandons expressly his argument that the COVID-19 pandemic, combined with his medical conditions, constituted an extraordinary and compelling reason for compassionate release.

while in prison: a required element under Application Note 1(A).[5] Although Cetre asserted (in his motion for reconsideration) that his back pain and deteriorating eyesight prevent him from participating in some physical activities, Cetre has not shown that he is unable to perform activities of daily living while in prison. Nor do Cetre's prison medical records support a finding that Cetre is unable to provide self-care. For example, according to Cetre's February 2021 "Medical Duty Status" document, Cetre is assigned a lower bunk but is cleared for food service work with no restrictions.

The district court also committed no clear error in determining that Cetre had shown no age-related "serious deterioration" in his physical or mental health, as required under Application Note 1(B). About Cetre's chronic back pain, Cetre's medical records (dated February 2020) documented some worsening in Cetre's spondylolisthesis. Cetre, however, later received back surgery. Although Cetre said he still suffered from low back pain post-surgery, he showed no "serious deterioration" in his physical health. Nor does Cetre's recent glaucoma diagnosis (for which he is receiving medical treatment while in prison) evidence a current serious deterioration in his eyesight.

On this record, we can conclude that the district court correctly determined that Cetre's chronic medical conditions and age-

---

[5] Contrary to Cetre's assertion on appeal, the term "self-care" in this context means the ability to perform activities of daily living, not the ability to "self-treat" one's own medical conditions.

related health issues constituted no "extraordinary and compelling reasons" within the meaning of section 1B1.13.  We affirm the district court's denial of compassionate release and the denial of Cetre's motion for reconsideration.

AFFIRMED.[6]

---

[6] After the close of briefing, Cetre filed a "Motion of Supplemental Authority" in which he challenged our decision in *Bryant*.  Cetre's argument is foreclosed by our prior-panel-precedent rule. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").  We are bound by our decision in *Bryant*; we will not address Cetre's arguments about the correctness of that decision.